# EXHIBIT A



September 6, 2019

Mr. Michael Toth
Managing Director – Interchange Services
Black Knight Financial Services
IM.Contracts@bkfs.com

Dear Mr. Toth,

Many members of USFN are in receipt of your recent announcement regarding the 6% increase in the Black Knight Servicing Technology, LLC ("BKST") law firm technology fee.  This fee is scheduled to take effect October 1, 2019. USFN law firm members are deeply concerned about the process, amount, and the effects of these increases. This increase is much higher than the projected 3% increase that was announced in the last price change letter dated November 1, 2018, with an effective date of January 1, 2019. The net effect is **two price increases within a 10 month period**, which is unjustified and oppressive to the vast majority of BKST law firm users.

Each year, BKST continues to increase the costs for the service without a concomitant increase in the quality of service, the platform features, or the "value add" to the law firms paying these costs. In less than 4 years, we have experienced a 21.6% increase in your fees without any significant improvement to the technology the fee is extracted to support.  This letter is an invitation to a further discussion about this untenable trajectory. Law firm viability remains a pressing issue in default servicing. The industry is seeing record low volume, firm failures, consolidations, and layoffs. Firms are continuously challenged to "right size" commensurate with an extremely shrinking market. The proposed and unilateral cost increase (layered upon the previous six years of continual increases), free of substantive improvement of technology will unreasonably burden an already beleaguered industry sect. The chart below summarizes the high-level increases that have occurred over the last six years in just the technology fees.

| Type | 2014 | 10.00% 1/1/16 | 5.00% *2/1/16 | 3.00% 1/1/17 | 3.00% 1/1/18 | 3.00% 1/1/19 | 6.00% 10/1/19 |
|---|---|---|---|---|---|---|---|
| Foreclosure | $75.00 | $82.50 | $78.75 | $81.11 | $83.55 | $86.05 | $91.22 |
| Motion for Relief | $75.00 | $82.50 | $78.75 | $81.11 | $83.55 | $86.05 | $91.22 |
| Replevin | $75.00 | $82.50 | $78.75 | $81.11 | $83.55 | $86.05 | $91.22 |
| Eviction | $50.00 | $55.00 | $52.50 | $54.08 | $55.70 | $57.37 | $60.81 |
| Proof of Claim | $25.00 | $27.50 | $26.25 | $27.04 | $27.85 | $28.68 | $30.41 |
| Plan Review | $25.00 | $27.50 | $26.25 | $27.04 | $27.85 | $28.68 | $30.41 |
| Answer and Appearance | $25.00 | $27.50 | $26.25 | $27.04 | $27.85 | $28.68 | $30.41 |
| Suit on Note/Garnishment | $25.00 | $27.50 | $26.25 | $27.04 | $27.85 | $28.68 | $30.41 |
| Sr Lien Monitoring | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |
| Deed In Lieu | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |
| Reaffirmation Agreement | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |
| Motion for Surplus Funds | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |
| Stipulated Agreement | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |
| All Other | $10.00 | $11.00 | $10.50 | $10.82 | $11.14 | $11.47 | $12.16 |

The price increase announcement indicates that BKST will continue to provide new enhancements and functionality that supports industry requirements, data security, longer data retention requirements, and technology. The requirements described are not requirements proposed or suggested by the law firms, but which are required by other entities.  Yet the firms must subsidize these items under the pricing schedule and increases. In fact, the language used in the 2019 increase letter is almost identical to that used in the 2015 letter, which strikes our members as something done without meaningful thought, consideration, or connection to actual improvements that benefit the law firms subject to the cost increase. The increase appears to have been leveraged based on the secure monopoly that BKST has extracted in this space.

As you know, the relationship between the USFN member firms and BKST is not a traditional vendor-client relationship.  Rather, the USFN member firms are required to utilize the technology provided by BKST and must enter into a contract with BKST in order to receive referrals from the servicers who have engaged BKST for their technology. The number of servicers contracted with BKST has risen over the years to an overwhelming majority. The market is no longer competitive, which has resulted in a near pure monopoly for BKST. Our relationship is not bargained for; BKST decides what amount the USFN member firms will pay, when the member firms will pay, and how much BKST should increase its fees on a yearly basis. To describe the relationship between USFN member firms and BKST as vendor-client is a misnomer.

The Supreme Court has defined market power as "the ability to raise prices above those that would be charged in a competitive market," and monopoly power has been described as "the power to control prices or exclude competition." BKST is moving further and further into the latter realm with their unsupported fee increases in a down market. Here is a link to an article describing sections of the Sherman Act that might be implicated by the recent moves that have been made at BKST https://www.justice.gov/atr/competition-and-monopoly-single-firm-conduct-under-section-2-sherman-act-chapter-2.

Industry law firms, including USFN members and non-USFN members have repeatedly requested specific changes in BKST products and processes to assist and drive value to all law firm users. These requests are not incompatible with or contrary to the needs and goals of servicers or investors. Rather, they will enhance the efficiency and performance of the firms, to the benefit of all users. Examples of these requests include:

- A consolidated document library to cross reference documents uploaded in the foreclosure referral to tie into the invoice management application. This would help eliminate duplication of data, unnecessary costs to re-upload data, and unnecessary storage charges (the exact thing the previous increases were supposed to subsidize).

- Advance notice of change to foreclosure templates so that firms can be available to consult our mutual clients on the viability of new processes, rails, DDFs, etc.  The lack of meaningful attorney involvement in the process impacts all sides and creates unnecessary and duplicative work.

- The graphical user interface (GUI) is indicative of web design and functionality that has not been substantially modified for more than a decade. The user experience is cumbersome, archaic, inflexible, outdated, and inefficient.

Many of these requests have fallen on deaf ears. In fact, the Attorney Technology Board ("ATB") was disbanded.  And since our last discussion in February of this year at the MBA, nothing has been done to increase the dialogue with law firms and provide enhancements based on the firm recommendations.

Moreover, in line with any increase, there should be additional considerations in favor of the law firm clients being asked to pay for the services required by other forces in the industry. Such items should include:

- A clear and transparent explanation of all changes instituted by BKST (or to be instituted) that directly benefit law firm users to justify said increase.

- A clear and transparent explanation of fee structure and increase percentages being levied against lenders, loan servicers, and other users in the same time frames.

- Agreement to charge tech fees in line with billing milestones common throughout the industry and at the completion of work, rather than in full at referral, to match the actual use of the technology, and to ensure fairness for the borrower and other impacted parties. The technology fee has no rational relationship to the amount of technology utilized by a USFN member firm. Rather, firms pay more, as a percentage of their foreclosure fee, to BKST on a file that closes without a sale than they do for files that complete the foreclosure process. Firms should only be expected to pay for the technology they use. The lack of a milestone approach to technology fee invoicing results in a windfall to BKST when cases close prior to sale. This injustice can be easily remedied by BKST adjusting its technology to bill the tech fee at the milestones already implemented in the BKST system.

- Recognition of the differences between non-judicial foreclosure process and judicial foreclosure process with an apportionment of the tech fee to more accurately reflect the technology use involved. Currently, the non-judicial states are charged the same technology fee as their judicial counterparts. Non-judicial foreclosures are measured in days or weeks rather than the months or years that it takes to complete a judicial foreclosure. There is no comparison in terms of complexity of the process or number of items/milestones tracked or DDF's completed in a judicial v. non-judicial foreclosure action. The non-judicial foreclosure technology fee should be reduced in a manner consistent with the reduced level of technology utilized to effectuate a non-judicial foreclosure action.

- Review of the structure of the *a la carte* bankruptcy fee schedule is overdue. The expectation that a firm pay the same technology fee for a Motion for Relief as they do for an entire foreclosure action is indefensible. How can this pricing model be justified? The MFR technology fee should be no more than the technology fee paid for a Proof of Claim.

- Elimination of additional tech charges on firms receiving a file transfer from another firm. The tech fee should be paid only once, and BKST should not get to "double dip" as a result of servicing transfers outside the control of law firms.

9001 AIRPORT FREEWAY, SUITE 740
NORTH RICHLAND HILLS, TX 76180

We ask that BKST do the following in response to this letter:

- Implement milestone billing of the technology fee tied to the current FNMA approved milestones that are the industry standard;
- Review and adjust the non-judicial technology fee to match the reduced level of technology required to effectuate a non-judicial foreclosure action;
- Reduce the Bankruptcy MFR technology fee to $27.50 (matching the Proof of Claim fee);
- Commit to outlining enhancements made or that can be expected when issuing any increase to the technology fees; and
- Commit to an open dialogue with the USFN member firms in order to better the technology for both the firms and our mutual clients.

We are open to meeting in person to go over the concerns and requests outlined above.

Sincerely,

*Pamela L Donahoo*

Pamela L. Donahoo, CAE
CEO
USFN, America's Mortgage Banking Attorneys